UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

BRUNILDO GUICHARDO,

                              Plaintiff,

                              -against-

THE CITY OF NEW YORK, P.O. DIANE BOWMAN, Shield No. 07985, Individually and in her Official Capacity and P.O. PATRICK AGUGLIARO, Shield No. 5789, Individually and in his Official Capacity,

                              Defendants.

-----------------------------------------------------------------x

**COMPLAINT**

**JURY TRIAL DEMANDED**

ECF CASE

GLASSER, J.

ORENSTEIN, M.J.



       Plaintiff BRUNILDO GUICHARDO, by his attorneys, COHEN & FITCH LLP, complaining of the defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

       1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of her civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

### JURISDICTION

       2.     This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

       3.     Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under U.S.C. §1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff BRUNILDO GUICHARDO is a Hispanic male and has been at all relevant times a resident of the City and State of New York.

7. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York.

9. At all times hereinafter mentioned, the individually named defendants P.O. DIANE BOWMAN, Shield No. 07985 and P.O. PATRICK AGUGLIARO, Shield No. 5789.

10. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

13. On or about June 8, 2010, plaintiff was looking for parking in the vicinity of 163rd Street between Hillside Avenue and 89th Avenue in Queens County, City and State of New York,

14. At the aforementioned time and place, plaintiff was pulled over by defendant officers.

15. Defendant officers approached plaintiff's car and asked for his license and registration.

16. Thereafter, defendant officers searched claimant and his car and immediately placed him under arrest with his arms tightly behind his back and took him to a nearby precinct.

17. Plaintiff was thereafter charged with Resisting Arrest and Disorderly Conduct.

18. At no time on or about June 8, 2010 did plaintiff resist arrest or behave disorderly or unlawful in any way.

19. At no time on June 8, 2010, did defendants possess probable cause to arrest plaintiff.

20. At no time on June 8, 2010, did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff.

21. In connection with his arrest, defendants filled out false and/or misleading police reports and forwarded them to prosecutors at the Queens County District Attorney's Office.

22. Thereafter, defendants repeatedly gave false and misleading testimony regarding the facts and circumstances of plaintiff's arrest.

23. Specifically, defendants falsely and knowingly alleged that plaintiff was raising his voice and waiving his arms in a tumultuous manner.

24. As a result of defendants' actions, plaintiff BRUNILDO GUICHARDO spent approximately twenty-four (24) hours in police custody.

25. As a result of the foregoing, plaintiff BRUNILDO GUICHARDO was forced to make numerous court appearances for approximately nineteen (19) months, to fight the false allegations against him.

26. Despite defendants' actions, at all charges against plaintiff BRUNILDO GUICHARD were dismissed in their entirety on January 18, 2012.

27. As a result of the foregoing, plaintiff BRUNILDO GUICHARDO sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

28. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "27" with the same force and effect as if fully set forth herein.

29. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

30. All of the aforementioned acts deprived plaintiff BRUNILDO GUICHARDO of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth

and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

31. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

32. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

33. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

34. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "33" with the same force and effect as if fully set forth herein.

35. As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

36. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

37. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38. Defendants misrepresented and falsified evidence before the Queens County District Attorney.

39. Defendants did not make a complete and full statement of facts to the District Attorney.

40. Defendants withheld exculpatory evidence from the District Attorney.

41. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff BRUNILDO GUICHARDO.

42. Defendants lacked probable cause to initiate criminal proceedings against plaintiff BRUNILDO GUICHARDO.

43. Defendants acted with malice in initiating criminal proceedings against plaintiff BRUNILDO GUICHARDO.

44. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff BRUNILDO GUICHARDO.

45. Defendants lacked probable cause to continue criminal proceedings against plaintiff BRUNILDO GUICHARDO.

46. Defendants acted with malice in continuing criminal proceedings against plaintiff BRUNILDO GUICHARDO.

47. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

48. Specifically, defendants falsely and knowingly alleged that plaintiff raised his voice and was waving his arms in a tumultuous manner.

49. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff BRUNILDO GUICHARDO's favor on or about January 18, 2012 when the charges against him were dismissed.

50. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

### FOURTH CLAIM FOR RELIEF
### DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
### UNDER 42 U.S.C. § 1983

51. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "50" as if the same were more fully set forth at length herein.

52. Defendants created false evidence against plaintiff BRUNILDO GUICHARDO.

53. Specifically, defendants falsely and knowingly alleged that plaintiff raised his voice and was waving his arms in a tumultuous manner.

54. Defendants forwarded false evidence and false information to prosecutors in the Queens County District Attorney's office.

55. Defendants misled the prosecutors by creating false evidence against plaintiff BRUNILDO GUICHARDO and thereafter providing false testimony throughout the criminal proceedings.

56. In creating false evidence against plaintiff BRUNILDO GUICHARDO, in forwarding false evidence and information to prosecutors, and in providing false and misleading sworn statements, defendants violated plaintiff's constitutional right to a fair trial under the Sixth

Amendment and the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

57. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

## FIFTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

58. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

60. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

> i. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics; and
>
> ii. arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing.

61. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff.

62. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

63. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

64. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's constitutional rights.

65. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff BRUNILDO GUICHARDO's constitutional rights.

66. The acts complained of deprived plaintiff of his rights:

   A. Not to be deprived of liberty without due process of law;

   B. To be free from seizure and arrest not based upon probable cause;

   C. To be free from unlawful search;

   D. Not to have summary punishment imposed upon him; and

   E. To receive equal protection under the law.

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

   i. an order awarding compensatory damages in an amount to be determined at trial;

   ii. an order awarding punitive damages in an amount to be determined at trial;

   iii. reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

   iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York

November 28, 2012

                                                  BY: _____

GERALD COHEN
JOSHUA FITCH
COHEN & FITCH LLP
Attorneys for Plaintiff
233 Broadway, Suite 1800
New York, N.Y. 10279
(212) 374-9115
gcohen@cohenfitch.com
jfitch@cohenfitch.com